{¶ 7} I must reluctantly concur with the majority's determination that this court's mandate limited the issues the trial court could address on remand. The limited scope of our order of remand precluded the trial court from reconsidering its determination that appellant was not a sexual predator. I concur separately in order to lament this limitation, because I firmly believe that the court's second determination — that appellant was a sexual predator — was the correct one.
 {¶ 8} The court psychiatric clinic's sexual predator evaluation of appellant was unhelpful at best, and may well have misguided the court to its first determination that appellant was not a sexual predator. This evaluation was based almost exclusively on information reported by the appellant himself. Thus, *Page 5 
appellant's denial that he committed these offenses — even after he was found guilty beyond a reasonable doubt — precluded the psychiatrist from exploring any of the psychiatric factors involved in the crimes themselves. Intriguingly, however, the psychiatrist indicated that appellant "scored high on the `denier-dissimulator' scale," and that "[individuals who score high on this scale are thought to be attempting to conceal abuse."
 {¶ 9} The psychiatric clinic's report states that the child victims are "related" to appellant, a factor which indicates that there is a lower risk that appellant will reoffend than if the victims were unrelated. However, this broad conclusion fails to note the subtly complicating fact that the victims were appellant's step-children, not his natural children. The psychiatrist noted that appellant's responses to the written portion of the Abel assessment for sexual interest was similar to those of a person who had abused girl victims outside the family, and not like those of individuals involved in incest with female victims. Despite this red flag, however, the report contains no further exploration of appellant's relationship with the girls. This inquiry might have proved fruitful to assess appellant's likelihood of reoffending.
 {¶ 10} Not surprisingly, the Static 99 actuarial assessment of appellant's risk of recidivism places appellant at a low risk of reoffending. This assessment does not take into account that, while appellant had no prior convictions, he was convicted in this case of 12 separate sexually oriented offenses which occurred over a nine *Page 6 
month period and involved two child victims whose relationship to appellant was somewhat ambiguous. In my view, the Static 99 is essentially flawed because it fails to take into account the number of separate and distinct sexual offenses of which the defendant is convicted in the case under consideration.
 {¶ 11} Based as it was on appellant's self-report, it was also not surprising that the Abel Assessment determined from appellant's written responses that he had no interest in deviant sexual activities, including child molestation — despite the contrary evidence of his convictions here — and that his primary sexual interest involved adolescent and adult females, despite the fact that he was convicted of gross sexual imposition with two barely pubescent female children.
 {¶ 12} The court must look beyond the Static 99, the Abel Assessment and the psychiatric evaluations to the relevant factors, including those listed in R.C. 2950.09, to assess whether the offender is likely to engage in the future in one or more sexually oriented offenses. Psychiatric evaluations alone are not enough to support a determinationeither way, particularly where, as here, the offender refuses to acknowledge his crimes. The question "[w]hether an offender is likely to reoffend sexually' is not bound by or couched in terms of recidivism test results, but is instead defined by the application and examination of statutory factors and consideration of relevant circumstances and evidence on a case-by-case basis." State v. Robertson,147 Ohio App.3d 94, 102, 2002-Ohio-494. In this case, appellant was convicted of 12 offenses involving two victims — his step-daughters — ages 11 and 12. The *Page 7 
offenses occurred over a period of nine months, and involved considerable physical and emotional cruelty, including beatings and threats. Both victims suffered emotional harm as a result of these crimes and required psychiatric treatment. Appellant has been diagnosed with paranoid schizophrenia, a very serious mental illness, as well as post-traumatic stress disorder as a result of physical and sexual abuse he suffered as a child at the hands of his own stepfather. There is ample competent, credible evidence to support a decision that the state proved by clear and convincing evidence that appellant was likely to engage in the future in one or more sexually oriented offenses, and thus was a sexual predator.
 {¶ 13} Unfortunately, however, the court's prior decision — that appellant was not a sexual predator — stands because the state never challenged it. I do not believe the public was well-served in this case. Nonetheless, I must agree that the trial court could not reconsider its earlier decision after remand. *Page 1